Bloom, Donohue, Young
Jerry T. Donohue, Esquire
Nevada Bar No. 8793
Mailing Address:
1771 East Flamingo Road
Suite 201A
Las Vegas, Nevada 89119
702-988-2300
Jdonohue@bdyllp.com
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| PLAYERS NETWORK INC., a Nevada Corporation;<br><br>Plaintiff,<br><br>vs.<br><br>VIS VIRES GROUP, INC., a New York Corporation, KBM WORLDWIDE, INC., a New York Corporation, ASHER ENTERPRISES, INC., a Delaware Corporation, SETH KRAMER, CURT KRAMER, CLEAR TRUST, LLC, a Florida Corporation, EMPIRE STOCK TRANSFER, INC., a Nevada Corporation, PACIFIC STOCK TRANSFER COMPANY, a Nevada Corporation and DOES 1-10;<br><br>Defendants. | Case No.: 2:15-cv-02101-APG-CWH<br><br>**PLAINTIFF'S MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447(c) (EXPEDITED HEARING REQUESTED) AND/OR REQUEST FOR TEMPORARY RESTRAINING ORDER TO MAINTAIN THE STATUS QUO** |

AND NOW COMES the Plaintiff, Players Network, Inc. ("PNTV"), by and through its attorneys, and hereby moves this Honorable Court for an Order pursuant to 28 U.S.C. § 1447(c) remanding the above-captioned action (the "Action") to the Eighth Judicial District Court, Clark County, Nevada, on the grounds that this Court does not have subject matter jurisdiction over the Action under 28 U.S.C. §§ 1331, 1332(a) and 1441(b)(2).

This Motion is made and based on the pleadings and papers filed herein, the attached points and authorities and any oral argument this Honorable Court may permit as to this matter.

DATED this 10th day of November, 2015.

Respectfully Submitted,

/s/ Jerry T. Donohue
JERRY T. DONOHUE, ESQUIRE
Nevada Bar No. 8793
Mailing Address:
1771 East Flamingo Road
Suite 201A
Las Vegas, Nevada 89119
702-988-2300
Jdonohue@bdyllp.com
Attorneys for Plaintiff

## POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff moves this Court pursuant to 28 U.S.C. § 1447(c) to enter an Order remanding the above-captioned Action to the Eighth Judicial District Court, Clark County, Nevada, on the grounds that this Court does not have subject matter jurisdiction over the Action under 28 U.S.C. §§ 1331, 1332(a) and 1441(b)(2).  As explained below, 28 U.S.C. § 1332(a)(1), Defendants' purported basis for removal, exempts this action from removal because there are two Defendant Corporations which are Nevada citizens like the Plaintiff.  Further, there is not federal question; rather, the question in this Action is a matter of Nevada state law as to whether the Defendants were allowed to make the loans in Nevada in contravention of Nevada law.  The Action should, therefore, be remanded.

*Plaintiff also requests that the Court grant the requested relief on an expedited basis, in light of the fact that the Defendants have indicated their intention to convert the Plaintiff's shares of stock on November 16, 2015 and the Plaintiff requires Injunctive Relief in the State*

*Court to stop the Defendants from converting its stock. If, however, the Court sets a briefing and response time past November 16, 2015 on this Motion to Remand, the Plaintiff will need Court intervention pursuant to F.R.C.P. 65 for the status quo to remain between the parties while the Plaintiff answers the Defendants' Motion to Dismiss the state Amended Complaint and Motion to Dismiss or alternatively to Transfer the Action to the Eastern District of New York which are due on November 26, 2015, and for the Court's decisions on the Motions.*

## II.   FACTUAL AND PROCEDURAL BACKGROUND

On October 26, 2015, Plaintiff filed a Complaint in the Eighth Judicial District Court, Clark County, Nevada. The Complaint sought injunctive relief against the Defendants, as well as counts for Recession, Breach of Good Faith and Fair Dealing, Fraud – Intentional Misrepresentation, Civil Conspiracy and Declaratory Action. Briefly, Defendants, Asher Enterprises, Inc. ("Asher"), KBM Worldwide, Inc. ("KBM") and Vis Vires Group, Inc. ("VVG"), are all New York Corporations, controlled and operated by the Defendants Seth and Curt Kramer. These Defendants are unlicensed Nevada lenders that conduct regular business in Nevada with multiple Nevada corporations although unauthorized to do so. The Defendant Stock Transfer Agents are utilized by Defendants to effectuate and perpetrate the illegal lending of the Defendants in the State of Nevada while owing fiduciary duties to the Plaintiff.

Plaintiff has given notice to the Defendants to immediately cease and desist trying to convert and transfer shares of Plaintiff's stock to themselves since the Loan Agreements and Convertible Notes are voidable under Nevada and New York Law as set forth in the Complaints. However, the Defendants refuse to stop attempting to make the conversions and transfers as explained in the Verified Complaint. The continued wrongful conduct of the Defendants is causing Plaintiff irreparable harm, and unless restrained, will continue to cause Plaintiff

irreparable harm in that its business will be destroyed and it will cease operations if the Defendants convert Plaintiff's stock on November 16, 2015.

Prior to effectuating service upon Asher, KBM, VVG, Seth Kramer and Curt Kramer (although they had notice of the Complaint), on November 3, 2015, Plaintiff filed an Amended Complaint in the Eighth Judicial District Court, Clark County, Nevada, adding Empire Stock Transfer, Inc., a Nevada Corporation, and Pacific Stock Transfer Company, a Nevada Corporation, as Defendants. The adding of these Defendants was based upon their activities, as set forth above, with the Defendants Asher, KBM, Seth Kramer and Curt Kramer and the DOE Defendants.

After the filing of the Plaintiff's Amended Complaint, on November 3, 2015, Defendants Asher, KBM, VVG, Seth Kramer and Curt Kramer (hereinafter referred to as the "Kramer Defendants") filed in this Court their Notice of Removal and Removal Statement (the "Notice"). By means of the Notice, the Kramer Defendants removed the Action from the Eighth Judicial District Court, Clark County, Nevada, to the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1441 and § 1446(a) alleging that this Court has original jurisdiction over the Action pursuant to 28 U.S.C. § 1331 and 1332(a). They did not have the consent of the other Defendants at the time of the Notice.

### III. LEGAL ARGUMENT

"Federal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and to decide the issue *sua sponte*." *LibertyMut. Ins. Co. v. Ward Trucking Corp.,* 48 F.3d 742, 750 (3d Cir. 1995). Federal district courts have subject matter jurisdiction over cases that meet the standards for diversity jurisdiction and cases that raise federal questions. *See* 28 U.S.C. §§ 1331-1332. The party moving for removal bears the burden of showing that

removal is appropriate. *Abels v. State Farm Fire & Cas. Co.,* 770 F.2d 26, 29 (3d Cir. 1985).

Cases removed to federal court are subject to remand under 28 U.S.C. § 1447(c). The district court must grant a motion to remand "[i]f at any time before final judgment it appears that the . . . court lacks subject matter jurisdiction . . .." 28 U.S.C. § 1447(c). *See also Bromwell v. Michigan Mut. Ins. Co.*, 115 F.3d 208, 213 (3d Cir. 1997) (*citing Int'l Primate Protection League v. Administrators of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991)). Jurisdiction must be evaluated "according to the plaintiff's pleading at the time of the petition for removal." *Abels*, 770 F.2d at 29. The removal statutes are to be strictly construed and all doubts should be resolved in favor of remand. *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir.1990). *See also, Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003)("Where doubt regarding the right to removal exists, a case should be remanded to state court.").

The Kramer Defendants removed the Action, purportedly under 28 U.S.C. § 1441(a), which states, in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

The Kramer Defendants assert that this Court has original jurisdiction over the Action pursuant to 28 U.S.C. §§ 1331 and 1332(a).  However, section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir.2001).  As set forth in Section 1332(c)(1), "For the purposes of this section and section 1441 of this title — a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business . . .."

In this Action, the Plaintiff and Defendants Empire and Pacific are Nevada corporations and have their principal place of business in Clark County, Nevada. It is undisputable that they are all citizens of the State of Nevada. "[I]t has been universally held that any removal attempt should be viewed with suspicion and that the case should be remanded if there is any doubt as to whether the federal court has subject matter jurisdiction." Christopher R. McFadden, *Removal, Remand, and Reimbursement Under 28 U.S.C. § 1447(c)*, 87 Marquette Law Review 123 (2003), p. 123, *citing Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999); *In re Bus. Men's Assurance Co. of Am.,* 992 F.2d 181, 183 (8th Cir. 1993) (*per curiam*); *Jones v. Gen. Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir. 1976). Here there is no doubt that this Court lacks subject matter jurisdiction based upon diversity.

In addition, the procedure for removal must be strictly adhered to effectuate the process and there must be unanimity of consent in removal cases involving multiple defendants at the time of removal. *See Powell v. West Chemical Products*, 678 F. Supp. 553 (E.D. Pa. 1988)(stating that "even though the defendants eventually joined the petition for removal, where the original moving defendant did not have the consent of its co-defendants at the time of its petition," remand is required.) *See also Egle Nursing Home, Inc. v. Erie Insurance Group, et al.,* 981 F. Supp. 932, 933 (D. Md. 1997)(remanding case when removal notice failed to state why all defendants did not join in or consent to removal). As set forth in the Kramer Defendants' Notice, they did not have the consent at the time of removal of the Defendant Clear Trust. Further, they did not have the consent of the Defendants Empire and Pacific at the time of their Notice on November 3, 2015.

As to the claim of federal question jurisdiction, the Supreme Court has construed § 1331 narrowly, and has interpreted § 1331 to include three requirements before a court will exercise

jurisdiction: (1) the well-pleaded complaint requirement; (2) the substantiality requirement; and (3) the centrality requirement. 13D Wright & Miller § 3562, p. 174. When determining whether a claim arises under federal law, a court will "examine the 'well pleaded' allegations of the complaint and ignore potential defenses: '[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution.'" Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003) (jurisdiction upheld) (quoting Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 152 (1908) (jurisdiction lacking)).

Plaintiff did not raise the issue of federal securities fraud in its Complaint or Amended Complaint. Rather, the Kramer Defendants raised the issue of federal securities fraud with the filing of their action in the Eastern District of New York *after* the Plaintiff filed its action in state court in Nevada. The Kramer Defendants then raised the issue in their removal notice. Specifically, the Kramer Defendants allege in their Notice that Plaintiff made a claim under the Security Exchange Act and SEC rules, that Plaintiff is claiming fraudulent representations in the purchase of its own shares of stock, and that the Plaintiff's allegations of fraud and conspiracy are pled pursuant to and fall within the Security Exchange Act. *See* Notice at 4 - 6.

However, as set forth in the state pleadings in its Complaint, Amended Complaint, Application for Injunction and Points and Authorities, Plaintiff did not make any of the allegations that the Kramer Defendants claim it did. In Nevada state court, Plaintiff raised the issue that the Kramer Defendants are conducting business in Nevada illegally by not following the Nevada statutes for lending and conducting business in Nevada. As such, the Loan Agreements consummated in Nevada are voidable based upon the illegal activities of the Kramer Defendants. In addition, even following New York law to construe the Loan Agreements (and

not federal securities laws) as contended by the Kramer Defendants, the Loan Agreements can be voided, cancelled or surrendered for violating New York state statutes on usury.  Further, the other claims against the Kramer Defendants, fraud, civil conspiracy, breach of good faith and fair dealing are raised solely under Nevada state law.

What the Kramer Defendants are trying to do is manufacture a federal question for removal when none exists.  Plaintiff did not plead any federal issues at all.  All the Kramer Defendants are doing is allegedly anticipating defenses to the rightful state law claims of the Plaintiff by raising federal issues where none exist.  *See Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002)(*citing Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10-12 (1983)) ("[T]he existence of a defense based upon federal law is insufficient to support jurisdiction.").

The manufacture of this federal question claim is shown to be a sham by the Kramer Defendants' later filing in this Action at Document 13, their Motion to Dismiss or in the alternative to Transfer Venue to New York.  In this filing, they claim that *only* New York state law applies to the Loan Agreements and their lending activities across the United States.  As set forth by the Kramer Defendants:

> Since the above named companies issue loans and convertible debentures and convertible notes to corporations throughout the United States, ***it is imperative that the Defendants be able as lenders and purchasers of securities to understand that all disputes will be resolved in a particular forum (New York) under a particular state's laws (New York)***. This gives greater predictability in operating their businesses and in facing potential litigation.

*See* Document 13, p. 5 (emphasis added).

Therefore, based upon their own filings, the Kramer Defendants admit that federal law does not involve the claims of the Plaintiff.  Their arguments in their Removal Notice do not give rise to jurisdiction based upon a federal question when compared to their later

filings and the Plaintiff's pleadings. Further, since the Complaint and Amended Complaint do not raise any question of federal law, removal is improper and this Action should be remanded. *See Peabody Coal Co. v. Navajo Nation*, 373 F.3d 945, 952 (9th Cir. 2004) (holding that district court "correctly dismissed th[e] case for lack of subject matter jurisdiction because [the] complaint did not present a substantial question of federal law").

### IV. CONCLUSION

As described herein, diversity between the Plaintiff and the Defendants for removal is lacking. Jurisdiction must be evaluated "according to the plaintiff's pleading at the time of the petition for removal." *Abels*, 770 F.2d at 29. At the time of the removal notice, the Amended Complaint had already been filed in State Court. Based upon that pleading, diversity of citizenship was lacking between the Plaintiff and the Defendants and full consent was lacking. Therefore, this Court should remand the Action to the Eighth Judicial District Court, Clark County, Nevada, on the grounds that this Court does not have subject matter jurisdiction of the Action under 28 U.S.C. §§ 1332 and 1441.

Further, there is no federal question jurisdiction for this Court to maintain subject matter jurisdiction under 28 U.S.C. §§ 1331. *See Armstrong v. N. Mariana Islands*, 576 F.3d 950, 954–55 (9th Cir. 2009) (citations and internal quotations omitted) ("The Court has consistently interpreted jurisdictional statutes with an 'arising under' qualification, including § 1331, as giv[ing] the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."). In this Action, federal law neither creates the Plaintiff's

causes of action nor do these causes of action depend on a resolution of a substantial question of federal law.

Without subject matter jurisdiction, the Court should remand the Action pursuant to 28 U.S.C. § 1447(c).

DATED this 10th day of November, 2015.

                                          Respectfully Submitted,

/s/ Jerry T. Donohue
JERRY T. DONOHUE, ESQUIRE
Nevada Bar No. 8793
Mailing Address:
1771 East Flamingo Road
Suite 201A
Las Vegas, Nevada 89119
702-988-2300
Jdonohue@bdyllp.com
Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date I served a true and correct copy of the PLAINTIFF'S MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447(c) (EXPEDITED HEARING REQUESTED) AND/OR REQUEST FOR TEMPORARY RESTRAINING ORDER TO MAINTAIN THE STATUS QUO upon all record counsel by using the Court's electronic filing system.

DATED this 10th day of November, 2015.

                                              Respectfully Submitted,

/s/ Jerry T. Donohue
JERRY T. DONOHUE, ESQUIRE
Nevada Bar No. 8793
Mailing Address:
1771 East Flamingo Road
Suite 201A
Las Vegas, Nevada 89119
702-988-2300
Jdonohue@bdyllp.com
Attorneys for Plaintiff